UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

GRUBB & ELLIS COMPANY, a Delaware Corporation,

                           Plaintiff,                    Index No.: 11 CV 6204 (BSJ)

                                                 **ANSWER AND**

v.                                            **<u>COUNTERCLAIMS</u>**

JEFFREY LICHTENBERG,

                           Defendant.

-------------------------------------------------------------------------x

       Defendant Jeffrey Lichtenberg, by his attorneys, Cyruli Shanks Hart & Zizmor, LLP, as and for his answer to the complaint of plaintiff, Grubb & Ellis Company ("GE"), respectfully states as follows:

       1.     Neither admits nor denies the allegations of paragraph 1 of the complaint in that that paragraph calls for a conclusion of law as to which no response is required.

       2.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraphs 2 and 3 of the complaint.

       3.     Admits the allegations of paragraph 4 of the complaint.

       4.     Neither admits nor denies the allegations of paragraphs 5 and 6 of the complaint in that those paragraphs call for conclusions of law as to which no response is required.

       5.     In response to paragraph 7 of the complaint, admits the existence of the documents to which that paragraph refers and refers the Court to those documents.

1

6.    In response to paragraph 8 of the complaint, admits that defendant Lichtenberg began his association with GE on or about December 7, 2010 and otherwise refers the Court to the document referred to in that paragraph.

7.    In response to paragraphs 9 – 11 of the complaint, admits the existence of the documents to which those paragraphs refer and refers the Court to those documents.

8.    Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the complaint.

9.    In response to paragraph 13 of the complaint, admits the existence of the document to which that paragraph refers and refers the Court to that document.

10.    In response to paragraph 14 of the complaint, admits that defendant Lichtenberg was paid monies and otherwise denies the allegations of that paragraph.

11.    In response to paragraphs 15 and 16 of the complaint, admits the existence of the documents to which those paragraphs refer and denies the remaining allegations of that paragraph.

12.    Denies the allegations of paragraphs 17 of the complaint.

13.    Admits the existence of the documents referred to in paragraphs 18 - 20 and refers the Court to those documents for their provisions.

14.    Denies the allegations of paragraphs 21 – 23 of the complaint.

15.    In response to paragraph 24 of the complaint, repeats and realleges its responses to paragraphs 1 – 23 of the complaint as if set forth herein in full.

16.    Denies the allegations of paragraph 25 of the complaint.

17.    In response to paragraph 26 of the complaint, admits the existence of the document referred to in that paragraph and refers the Court to that document for its provisions.

18.     Neither admits nor denies the allegations of paragraph 27 of the complaint in that that paragraph call for a conclusion of law as to which no response is required.

19.     Admits the existence of the document referred to in paragraph 28 of the complaint and refers the Court to that document for its provisions.

20.     Admits the existence of the document referred in in paragraph 29 of the complaint, and refers the Court to that document for its provisions, and otherwise denies the allegations of that paragraph of the complaint.

21.     Denies the allegations of paragraph 30 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22.     The complaint fails to state a cause of action on which relief may be granted.

## AS AND FOR A SECOND AFIRMATIVE DEFENSE

23.     The Court lacks subject matter jurisdiction over this action in that the alleged agreements between plaintiff GE, on the one hand, and defendant Lichtenberg, on the other, were really among GE and GE's, affiliate, Grubb & Ellis New York, Inc. ("GENY") (the latter a New York corporation), on the one hand, and defendant Lichtenberg, a New York resident and domiciliary, on the other.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24.     Plaintiff GE has failed to join a party – namely, GENY, which is GE's New York-incorporated affiliate – without whose joinder complete relief cannot be granted.

25.     Upon information and belief, GE has failed to join GENY in an effort to improperly invoke this Court's diversity subject matter jurisdiction.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.     Plaintiff GE is barred from obtaining relief on the alleged agreements on which it sues because it breached those agreements before any alleged breach of those agreements on defendant Lichtenberg's part.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.     The complaint is barred by the doctrines of waiver and estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE AND A CONDITIONAL FIRST COUNTERCLAIM

28.     In or about December 2010, plaintiff GE, non-party GENY and defendant Lichtenberg entered into written agreements, referred to in the complaint, under which Lichtenberg, a real estate broker and professional well-known in the commercial real estate industry in Manhattan and elsewhere, agreed to affiliate with plaintiff GE and GENY

29.     Both before signing those agreements and in the agreements themselves, plaintiff GE and GENY made certain representations regarding the affiliation.

30.     Specifically, to induce defendant Lichtenberg to affiliate with them, they represented that they would put the full force of the firm behind him and that together they would attempt to establish and grow the brokerage arm of the firm.

31.     Among other things, they represented that they would introduce him to parties to prospective sales and leases, this in an effort to bring those transactions into plaintiff GE and GENY.

32.     They also represented that he would have a personal assistant.

4

33.     They also represented that he would have staff supporting him, as well as an adequate budget for marketing and the hiring of additional employees, including a secretary and salespeople.

34.     They also represented that he would have access to and assistance from high level management personnel.

35.     Upon information and belief, the plaintiff GE and/or GENY had no present intention to carry out those representations.

36.     Upon information and belief, plaintiff GE and/or GENY have decided to entertain offers to sell the company or its divisions.

37.     Upon information and belief, in order to demonstrate to prospective buyers that they had a complement of brokers well-known in the marketplace, they engaged defendant Lichtenberg in order to put him on their "roster."

38.     That at the time of the afore-mentioned actions, G&E and/or GENY lured defendant away from a position that he had tentatively accepted at Cushman & Wakefield.

39.     In reasonable reliance on plaintiff GE and/or GENY's representations mentioned above, defendant Lichtenberg entered into the agreements, all to his detriment.

40.     By reason of the foregoing, defendant Lichtenberg has been damaged in a sum equal to any sum that defendant GE and/or GENY may have paid him.

## AS AND FOR A SECOND COUNTERCLAIM

41.     The agreements to which plaintiff GE and/or GENY, on the one hand, and defendant Lichtenberg, on the other hand, are parties provide that in the event of litigation, the prevailing party is entitled to recover from the losing party the prevailing party's reasonable legal fees.

42.   If, when and as defendant Lichtenberg prevails in this action, he will be entitled to recover his reasonable legal fees.

**WHEREFORE,** defendant Lichtenberg demands judgment dismissing the complaint with prejudice, and, on the counterclaims, for a money judgment in a sum to be determined at trial, together with such other, further and different relief as the Court deems just or proper.

Dated: New York, New York
       October 19, 2011

                                        **CYRULI HART SHANKS & ZIZMOR LLP**

                                        By: _____
                                        Russell Shanks, Esq. (RS-1821)
                                        Attorneys for Defendant
                                        420 Lexington Avenue
                                        New York, New York 10170
                                        (212) 661-6800

To: Jennifer Barna, Esq. (JB-4142)
    Epstein Becker & Green, P.C.
    250 Park Avenue
    New York, New York 10177

6